Robertson, Ch. J.
This is a motion to vacate, for irregularity, a judgment entered upon the report of a referee, to whom all the issues in the action were referred, and for other relief.
The irregularities complained of are, (1.) That the judgment was entered without leave of the court. (2.) That the judgment roll does not embrace the report of the referee. (3.) That the judgment does not include an adjudication specifically upon the questions of law and fact determined by the referee, in his report. (4.) That it is for a larger amount than the report authorizes. (5.) That only one half of the referee’s fees are deducted from the amount awarded to the plaintiff.
In reference to the first objection, of want of notice of *5 entering the judgment, it would seem that the Code of Procedure pays the same respect to the decision of a referee to whom all the issues are referred, as it does to that of a single judge, as it orders judgment to be entered upon it in the same manner, (§ 272,) which is by the clerk,.(§ 267.) The entry of the judgment being therefore merely clerical, no opposition can justly be made to it, and such is the current of authority. (Renoit v. Harris, 1 Code R. 125. Griffing v. Slate, 5 How. 205. McMahon v. Allen, 7 Abb. 1. Bihin v. Bihin, 17 id. 19, 27.) This objection, therefore, forms no ground for vacating it.
As to the second objection, it is difficult to determine which document the referee meant to be his report, that delivered to the plaintiff or that delivered to the defendant. It certainly was improper to deliver both, even if they were duplicates, as it leads to the confusion which has been produced in this case. The evidence before me, as it stands, seems to imply that the paper annexed to the judgment roll was first delivered by the referee, and as they are substantially the same, save under neither could the plaintiff recover the costs of the former reference, that forms no ground for setting aside the judgment. Indeed no prejudice can ensue to the defendant from taking it in preference. The right to recover half of the referee’s fees by the party who has paid the whole still remains. The referee only'prejudiced himself by delivering the report before his fees were paid.
The next objection is that the judgment does not adopt the findings of the referee upon the facts and law, as the court’s; at least that is what the third one amounts to. This is entirely unnecessary for any purpose; the Code has declared the referee’s findings to be those of the court, and there is no necessity to reiterate them; and assuming the referee to take the place of a jury, it never was customary or deemed necessary to repeat in the judgment *6 of the court, the findings of the jury in their verdict upon particular issues. So far as any thing prejudicial to the defendant’s character was contained in the complaint and put in issue by the answer, the referee could not come to the conclusion he did without passing upon it, and he actually did so. There is undoubtedly a defect in the referee’s report in not actually and imperatively adjudging that the plaintiff do recover a sum of money, instead of saying in an advisory manner that he is entitled to recover, so as to appear to require a ratification by the court. The only judgment required to be afterwards entered, was that entered in the judgment book by the clerk, (Code, §§ 279, 280,) who is bound (simply as a clerical duty) to follow the adjudicating part of the report, without any ulterior direction. (Code, §§ 272,277.) The defendant may be entitled to an express adjudication in form, therefore, upon so much of the plaintiff’s claim as seeks to charge him with the value of the real estate claimed to have been bought by him in a fiduciary capacity for the plaintiff. And as the referee’s report cannot well be altered in that respect, his error or omission may be corrected by inserting in the judgment an adjudication, that as regards the claim for such real estate, or the value or proceeds thereof, the complaint be dismissed, without costs.
The referee also undertook to give a contingent judgment in this case for one half of his fees to the party who should pay the whole. It is not now necessary to decide whether such a shifting judgment can be rendered, or whether his report may not be void pro tanto. But the judgment itself should have been entered according to the referee’s decision independently of any subsequent acts of the parties in pais. The judgment as to such fees was not to be suspended until it was determined who should pay them. But the party who paid them was to become by virtue of such judgment itself, if legal, entitled to recover *7 one half from the other party. The plaintiff, it is said, has given credit for one half the fees, in his judgment; the defendant cannot therefore complain, that the judgment is for less than it ought to be. The defendant is of course at liberty to pursue his remedy for the amount overpaid by him, as he may be advised. A change of the form of the judgment would not be proper, except that as the same defect exists in the referee’s report, as before mentioned, a clause may be inserted therein, if the defendant desires it, awarding judgment for a sum equal to one half of the referee’s fees, to such of the parties as may pay the whole, against the other.
The judgment is for a less sum than the plaintiff was entitled to recover. For what reason the referee has made it so, does not appear by it. If the defendant should undertake to' collect one half of the referee’s fees, or upon a motion for an offset, the amount really due may be adjusted. An order must be entered in pursuance of the foregoing views, without costs to either party.